Un Sealed

*...and unofficial staff access to this instrument are prohibited by court order.*

United States District Court
Southern District of Texas
FILED

DEC 1 6 2010

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Crim. No. H-10-787-04 |
| BERNARD LANGLEY | § | UNDER SEAL |

## MEMORANDUM IN SUPPORT OF DETENTION

The United States seeks an order detaining defendant Langley until trial because there is a serious risk that he will flee if released on bond. Langley has the motive, means and opportunity to flee prior to trial. He is a foreign citizen with no family ties to the United States and limited business ties. He also has access to millions of dollars in foreign bank accounts. There is no condition or combination of conditions that would eliminate these risks and reasonably ensure his appearance for trial.

I. LANGLEY SHOULD BE DETAINED AS A FLIGHT RISK

A. The Preponderance Standard Governs Flight Risk Determinations

If after the detention hearing, the "judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required . . ., such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1). The "simple preponderance standard" governs the flight risk determination, that is, a detention order should issue if "the judicial officer should

determine that it is more likely than not that no condition or combination of conditions will reasonably assure the accused's appearance." *United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985) (distinguishing this standard governing the flight risk determination with the higher "clear and convincing" burden of proof that governs detention based on danger to the community).

B. <u>Langley Is An Extraordinary Flight Risk</u>

1. *Langley Has The Motive To Flee*

The Superseding Indictment charges Langley with fraud and international money laundering offenses relating to an $80 million kickback scheme. The grand jury found probable cause that Langley entered into a conspiracy with Clyde Meltzer and Jonathan Barnes in which Meltzer and Langley used offshore entities to submit inflated invoices to LyondellBasell for the costs of shipping oil from Venezuela to Houston. The Superseding Indictment further alleges that Meltzer and Langley used a Swiss bank account in the name of another offshore entity to pay millions of dollars in kickbacks to Barnes in exchange for his agreement to pay the inflated shipping costs.

The estimated Guidelines range upon conviction in this case is fifteen years. Defendant Barnes is coopering in this case and recorded a recent conversation with Langley and Meltzer in which the kickback scheme is discussed. Moreover,

while executing a search warrant the same day Langley was arrested, Postal Inspectors obtained a flash drive that has accounting records detailing the kickback scheme.

Langley does not have significant ties to Houston or elsewhere in the United States. He has no family in Houston or elsewhere in the United States. While he is associated with a Houston business (Tuscan Petroleum), he has not visited the United States since December 2009. His recent visit during which he was arrested was planned as a short stay to coincide with the Tuscan holiday party. In addition, while Langley's family resides outside London, he told Pretrial Services that he spends most weekdays at a residence in Monaco (and he provided the Monaco address to Pretrial as his primary address). Spending significant time away from family would thus not be unprecedented for Langley.

2. *Langley Has The Means To Flee*

Langley has access to substantial funds in foreign bank accounts which would allow him to act on his strong incentive to flee. The investigation in this case has identified numerous bank accounts to which Langley has access in jurisdictions known for bank secrecy, including Switzerland, Monaco, Liechtenstein and Singapore. Bank records show millions of dollars moving through these bank accounts which are in the names of various offshore entities Langley created.

### 3. *Langley Has The Knowledge To Flee And Live As A Fugitive*

Langley is a longtime associate of Marc Rich, who was able to live a profitable life as a fugitive for more than fifteen years. Moreover, Langley has engaged in extensive international travel to numerous countries including Russia, Nigeria, Venezuela, Oman, the Dominican Republic, St. Lucia, Barbados South Africa and the United Arab Emirates. Even if this travel is for benign business reasons, it demonstrates a familiarity with operating in foreign countries and a lack of ties to any particular locale. *See United States v. Stanford*, 341 Fed. App'x. 979, 2009 WL 2591361, at *3 (5th Cir. Aug. 24, 2009) (noting in upholding detention order that "[e]ven if, as Stanford claims, his international travel is simply a function of his business needs, that has no bearing on the determination that his ties to Houston are both limited and recent"). That travel, combined with his experience opening businesses and bank accounts around the world, demonstrates the ability to survive in foreign countries.

## CONCLUSION

For the reasons discussed above, Langley is an extraordinary flight risk and no combination of conditions can assure his appearance at trial. The United States therefore requests that the court issue an order detaining Langley pending trial.

                Respectfully submitted,

                JOSE ANGEL MORENO
                United States Attorney

BY: _____
                GREGG COSTA
                Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that the Detention Hearing Brief was served on counsel for the defendant via email on December 15, 2010

_____
Gregg Costa